IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| CLEDALE WHITAKER, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:12-CV-0056 |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION TO DISMISS
## PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner, a state prisoner confined in the Clements Unit in Potter County, Texas, has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody.[1] Petitioner did not submit with his habeas application any payment to satisfy the requisite filing fee, nor did he submit a Request to Proceed *In Forma Pauperis* or a certified *in forma pauperis* data sheet from the institution in which he is confined. On March 6, 2012, this Court ordered petitioner to submit a form application for *in forma pauperis* status and a data sheet, pay the filing fee, or submit proper documentation evidencing the authorization of the disbursement of the requisite funds for the fee. Petitioner was warned that his failure to properly supplement or pay the filing fee would result in an immediate recommendation for the dismissal of this case without further notice. As of this date, no fee or supplementation has been submitted to this Court.

---

[1] In his application, petitioner asserts the Texas Board of Pardons and Paroles is violating his right by denying him parole and by twice using the same reason for its denial in violation of Senate Bill 909. Review of Senate Bill 909 (2007), the Texas Government Code provisions amended by S.B. 909, and the Texas Administrative Code provisions relating to the Parole Process, sections 145.1 et seq., do not reflect any restrictions prohibiting the Parole Board from using the reason for denying parole more than once.

IFP/R&R/WHITAKER-56.WOP:2

Petitioner has been given ample opportunity to pay the filing fee, request *in forma pauperis* status and submit a data sheet as proof of his indigency, or provide evidence of his authorization for the disbursement of the filing fee.  Petitioner has failed to follow the Court's direct order.

On March 15, 2012, this Court received a communication from petitioner wherein he stated he "must discontinue [his] effort to notify the . . . Court . . . that [he is] being set off for the same reasons by the Board of Pardons and Paroles."  Petitioner advises neither he or the offender that was helping him know the law.  It is unclear whether this communication from petitioner was intended as a request to withdraw his habeas corpus application.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1988).  "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases."  *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 82 S.Ct. 1386 (1962)).  Petitioner has failed to comply with a direct order of the Court and such neglect warrants dismissal.  Petitioner's habeas application should be dismissed for failure to comply with this Court's March 6, 2012 Order and/or failure to pay the requisite filing fee in this case.

## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the federal habeas corpus application filed by petitioner CLEDALE WHITAKER be DISMISSED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation

to each party by the most efficient means available.

      IT IS SO RECOMMENDED.

      ENTERED this 6th day of April, 2012.

                                                        _____
                                                 CLINTON E. AVERITTE
                                                 UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

      Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

      Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).